FILED
January 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002338884

Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton, #202821
Staff Attorney
PO BOX 28950
Fresno, California 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

IN RE:

Boung Sun Choe

DEBTOR

CASE NO. 09-61855-B-13K
DC NO.: MHM-1

CHAPTER 13 PROCEEDING

MOTION FOR ORDER OF DISMISSAL PURSUANT TO 11 U.S.C. SECTION 1307

DATE : February 3, 2010
TIME : 01:00 PM

PLACE: U.S. Courthouse
1300 18th Street, Suite A
Bakersfield, Ca 93301-

JUDGE: HON. W. Richard Lee

**TO THE DEBTOR(S) AND HIS OR HER ATTORNEY:**

**YOU AND EACH OF YOU** are hereby notified that Michael H. Meyer, Chapter13 Standing Trustee will move for an **ORDER OF DISMISSAL** of the above-referenced case pursuant to Section 1307 of the Bankruptcy Code at the time and place set forth above for the following reason(s):

(1) The debtor and her attorney appeared at the 341 meeting of creditors which was continued to Jan 27, 2010 at 3:00PM. No plan has been filed and served in this matter. The debtor has filed to file 2008 tax returns and now 2009 are due. Section 521(e)(2)(B) & (C) requires the court to dismiss a petition if an individual chapter 7 or 13 debtor fails to provide to the case trustee a copy of the debtor's federal income tax return for the most recent tax year

ending before the filing of the petition. This return must be produced seven days prior to the date first set for the meeting of creditors. The court may decline to dismiss the case only if the debtor demonstrates that the failure to provide a copy of the return was due to circumstances beyond the control of the debtor. See Fed. R. Bankr. R. 4002(b)(3) & (4) [permitting the debtor to provide a written statement that the return or other documentation does not exist]. The debtor has not provided any statement or evidence that the return is not available or that it is unavailable for reasons beyond her control.

The failure to provide the return to the trustee justifies dismissal and denial of confirmation. This failure also supports a conclusion that the debtor is attempting to confirm a plan in bad faith because he or she has failed to make mandatory financial disclosures that are relevant to the confirmation of the plan. The return is relevant to the feasibility of the plan and whether the debtor is contributing all disposable income to her plan. Also, the amount of the debtor's income has an impact on the duration of the plan. See 11 U.S.C. §§ 1322(d) and 1325(b). Finally, the failure to provide the return means that the plan does not comply with 11 U.S.C. § 1325(a)(1).

(2) The debtor is married but filed without her spouse. The debtor claimed the 703 exemptions yet did not file a spousal waiver.

(3) The debtors 22C is incorrectly prepared.

(4) The delay is prejudicial. The case was filed in Oct 2009 and the Nov and December payment have come due but have not been made as no plan has been filed.

DATED: JANUARY 11, 2010

/s/ MICHAEL H. MEYER
MICHAEL H. MEYER Chapter 13 Trustee